**David R. SCHOTT, Movant**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

**No. 2008–SC–000266–KB.**

Supreme Court of Kentucky.

May 22, 2008.

*OPINION AND ORDER*

Movant, David R. Schott, pursuant to SCR 3.480(2), moves this Court to enter an Order suspending his license to practice law in the Commonwealth of Kentucky for sixty (60) days, with thirty (30) days to be served and thirty (30) days probated for one year, subject to certain conditions. Movant was admitted to the practice of law in October 1979. His KBA Member Number is 62195, and his Bar Roster Address is 108 E. 4th Street, London, Kentucky 40741. The Kentucky Bar Association (KBA) states that it has no objection to the motion. For the following reasons, this Court approves the discipline agreed to by the parties, and thus the motion is granted.

The charge brought against the Movant stemmed primarily from his representation of and dealings with Larry and Michelle Finley at various times between 1994 and 2002. Movant provided legal services to Larry Finley as early as 1994 and apparently became friends with Mr. Finley. In 1997, Movant represented Mr. Finley in a number of real estate transactions involving the purchase of property from Bill and Martha Detherage. Movant prepared an "Attorney's Opinion", a purchase agree-

ment, and a land contract regarding the property.

At around the same time in 1997, Mr. Finley signed an exclusive listing agreement with Century 21 to sell the residence he was living in at the time, hereinafter referred to as "Camelot". On or about Thanksgiving Day 1997, Movant traded houses with Mr. Finley and Movant moved into Camelot. According to their agreement, Movant was to pay Mr. Finley $185,000 in addition to giving him his house, hereinafter referred to as "Crooked Creek". Movant paid the Finleys the $185,000. However, Movant advised the Finleys that he should keep title to Crooked Creek in his own name for tax reasons. Apparently, it was later agreed that Crooked Creek would be sold and that the Finleys would receive the sale proceeds or a credit on a later home to be purchased by Movant for the Finleys.

On May 17, 1998, Century 21 sued Mr. Finley because Camelot was sold without paying the commission owed pursuant to the exclusive listing agreement. Century 21 claimed $20,000 in commission was owed on the transaction. On June 24, 1998, Movant filed an Answer in the action for his client, Mr. Finley. On October 2, 1998, Summary Judgment was entered for Century 21 against Mr. Finley in the amount of $20,100, plus interest. On March 1, 1999, Century 21 settled the case with Mr. Finley for $10,000. Movant subsequently wrote a check to Mr. Finley for $10,000 for satisfaction of the judgment.

At some point, Mr. Finley began having financial problems. Consequently, Movant loaned Mr. Finley large sums of money from 1997–2001. In November 1997, Movant loaned Mr. Finley $100,000 in exchange for a promissory note secured by Mr. Finley's Chevrolet Corvette, all the furniture in Camelot, and shares of common stock in Regency Cinema 7, Inc. and Impac Hotel Group, LLC. In November of 1998, Movant loaned Mr. Finley $1,350 to pay child support. Movant loaned Mr. Finley another $50,000 in December 1998. Movant co-signed on a loan for Mr. Finley in December 2000 for $25,076, and between December 2000 and January 2001, Movant loaned Mr. Finley $2,000.

Additionally, Movant purchased over $86,000 in real property from Mr. Finley from 1998 to 2001, including lots out of the property Mr. Finley purchased from the Detherages. The real estate transfer documents for these transactions were prepared by Movant. In 1998, Mr. Finley defaulted on the loan on the Detherage property. Thereafter, Movant represented Mr. Finley in the ensuing lawsuit filed by the Detherages which ultimately resulted in a judgment against Mr. Finley for $220,000 and the forced sale of the Detherage property to satisfy the judgment.

In June 2000, Mr. and Mrs. Finley, along with Movant and his wife, formed a business called New Foundations, a supported community living provider for disabled individuals. It was soon discovered, however, that Mr. Finley was legally disqualified from being involved with a supported community living provider. Consequently, Mr. and Mrs. Finley transferred their New Foundations stock to the Movant and his wife until such time as Mr. Finley was permitted to be involved in the business. In September 2002, Mr. and Mrs. Finley's attorney, Cheryl Lewis, sent a letter to Movant informing him that Mr. Finley's disqualification issues had been resolved and seeking return of the New Foundations stock. Movant refused to return the stock.

On April 1, 1999, Movant and a business partner, Steve Barnett, purchased a house in a subdivision called Riverbend. As part of the aforementioned house trade with Mr. Finley, it was agreed that Mr. Finley

would purchase the Riverbend home from Movant for $150,000 with the proceeds from the sale of Crooked Creek. Although Mr. Finley did not purchase the Riverbend home, he and his wife moved out of Crooked Creek and into the Riverbend home. Movant ultimately sold Crooked Creek, but did not give or credit the sale proceeds to Mr. and Mrs. Finley to purchase the Riverbend home. On March 8, 2002, Movant evicted Mr. and Mrs. Finley from the Riverbend home.

On November 2, 2001, Mr. Finley defaulted on loans to Cumberland Valley National Bank ("Cumberland Valley") which were secured by a mortgage on the Camelot property, as well as Regency Cinema 7, Inc. and Lodgian, Inc. stocks. Cumberland Valley filed suit against the Finleys and also against Movant and his wife because the Movant owned Camelot. Movant filed an Answer, Counterclaim, and Cross-claim on his own behalf, claiming a second lien on the Regency Cinema 7, Inc. stock.

In June 1999, Movant took out a loan for $160,000 secured by a mortgage on Camelot. Movant got the loan from his client, First National Bank. Movant did not advise First National Bank of the need for a title search on the property or performed a deficient title search. In August 1999, Movant took out another loan from his client, First National Bank, for $158,990.49 secured by a mortgage on Camelot. On February 13, 2002, Movant defaulted on this loan. First National Bank obtained an Order and Judgment against Movant in the amount of $158,990 on June 18, 2002.

On May 24, 2006, Movant was charged by the KBA Inquiry Commission with the following eight (8) counts of violations of the Rules of Professional Conduct in KBA File 10006: SCR 3.130–1.1 (competent representation)—for failing to advise First National Bank of the need for a title search and failing to advise Mr. Finley of liability for Century 21's commission (Count I); SCR 3.130–1.5(a) (reasonable fee) (Count II)—for charging excessive fees to the Finleys through land purchases and business transactions at the detriment of the Finleys; SCR 3.130–1.7 (representation conflicting with responsibilities to another client, third person, or lawyer's own interest) (Count III)—for trading houses with Mr. Finley and then representing him in the Century 21 lawsuit; SCR 3.130–1.8 (business transaction with client/financial interest adverse to a client) (Count IV)—for loans to and business ventures with Mr. Finley and preparing his own mortgage documents for client, First National Bank; SCR 3.130–1.9(c) (use of information from representation) (Count V)—for exploiting knowledge of Mr. Finley's alcohol addiction and financial situation; SCR 3.130–1.15(b) (failure to deliver property to client) (Count VI)—for failing to transfer title to the Crooked Creek or Riverbend properties; SCR 3.130–1.15(c) (failure to account for and keep property of client separate) (Count VII)—for never fully accounting for funds and property of Mr. Finley and failing to keep Mr. Finley's funds separate from Movant's; and SCR 3.130–8.3(a) and (c) (violating Rules of Professional Conduct and conduct involving dishonesty, fraud, deceit, or misrepresentation) (Count VIII)—for use of the Finleys' credit to Movant's personal advantage and in failing to execute proper mortgage with First National Bank.

On April 10, 2008, Movant filed a Verified Motion for Consensual Discipline pursuant to SCR 3.480(2). In the motion, Movant admits to the allegations in Counts I, III, IV, VI and VII relative to his representation of the Finleys and First National Bank. However, Movant denies that he charged the Finleys excessive fees (Count II), that he exploited any personal infor-

mation about Mr. Finley (Count V), or that his conduct was fraudulent or deceitful (Count VIII). The motion requests that Movant's license to practice law be suspended for sixty (60) days, with thirty (30) days to serve and thirty (30) days probated for one year. The probation would be conditioned upon completion of the KBA ethics school and Movant's participation in mediation with the Finleys relative to their monetary claims against him stemming from the New Foundations business venture. Movant also asks that Counts II, V, and VIII be dismissed.

The motion was reviewed and approved by the Chair of the Inquiry Commission and Immediate Past President of the KBA pursuant to the Office of Bar Counsel's standard procedure in consensual discipline cases. In the KBA's response to the motion, it states that it has no objection to the terms and sanctions proposed by the Movant.

Under SCR 3.480(2), this Court "may approve the sanction agreed to by the parties, or may remand the case for hearing or other proceedings specified in the order of remand." Upon review of the record, we believe the discipline proposed by the Movant is appropriate and thus we approve the parties' agreed disposition.

ACCORDINGLY IT IS ORDERED THAT:

(1) David R. Schott is hereby suspended from the practice of law in the Commonwealth of Kentucky for sixty (60) days, thirty (30) days to be served and thirty (30) days probated for one year subject to the following conditions.

(a) Completion of the KBA Ethics School (a seven-hour program) within one year of the date of entry of this Opinion and Order.

(b) Participation by Mr. Schott in mediation with Larry Finley and Michelle Finley relative to their monetary claims involving New Foundations, with said mediation to be held in the Lexington area within one year from the date of entry of this Opinion and Order, and with the cost of the mediator being paid by Mr. Schott.

(2) Counts II, V, and VIII of the charge are hereby dismissed.

(3) In accordance with SCR 3.450, Movant is directed to pay all costs associated with these disciplinary proceedings, said sum being $224.85, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: May 22, 2008.

/s/ Joseph E. Lambert
  CHIEF JUSTICE